UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KYLE HARTRY,

                         Plaintiff,                    **08 CV 3725 (ADS)(ETB)**

       -against-

COUNTY OF SUFFOLK, SGT. "JOHN"
LUNQUIST, Individually and in his Official
Capacity,  DET. VINCE DALY, Individually and in
his Official Capacity and C.O. "JOHN DOE" and
C.O. "JANE DOE"#1-10, Individually and in their
Official Capacities, (the name John Doe being
fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------------X

## JOINT PRETRIAL ORDER

The parties, by counsel, submit the following combined pretrial order:

### CAPTION

1.      The full caption of the action is set forth above.

### COUNSEL

2.      The names, addresses, telephone and fax numbers of all the attorneys are:

JON L. NORINSBERG, ESQ. (JN-2133)
Attorney for the Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
Telephone: (212)791-5396
Fax: (212)406-6890

BRIAN C. MITCHELL ESQ. (BCM-1469)
Office of CHRISTINE MALAFI
Suffolk County Attorney
Trial Counsel for Defendants Steven Lundquist, Vince Daly and the County of Suffolk
P.O. Box 6100, 100 Veterans Memorial Highway
Hauppauge, New York 11787-4311
Telephone:  631-853-4049
Fax:  631-853-5833

SUBJECT MATTER JURISDICTION

3. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.  This court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, Section 1343.  Each and all of the acts of defendants alleged herein were done by defendants, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, and the County of Suffolk, and under the authority of their office as police officers for Suffolk County.  All parties are citizens of the United States of America.  In addition, plaintiff has asserted supplemental state claims under New York law for negligence.

Defendants contend that the plaintiff does not posses claims upon which relief may be granted under 42 U.S.C. § 1983, and that the Court accordingly lacks subject matter jurisdiction under 28 U.S.C. § 1331 and § 1343.

CLAIMS AND DEFENSES

4. A. Plaintiff's Claims

Plaintiff claims that defendant County of Suffolk violated the plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 in disregarding multiple complaints made by plaintiff Kyle Hartry regarding threats made by other inmates after it had become widely known throughout the jail that plaintiff had cooperated with state law enforcement authorities in an ongoing homicide investigation.

2

On October 24, 2007, at approximately 2:25 p.m., plaintiff Kyle Hartry, who was scheduled to testify as a witness in a homicide prosecution, was assaulted by another inmate while in Protective Custody of the Suffolk County Correctional Facility in Riverhead, New York. Said assault took place in the "Day Room" located on the first floor inside the Administrative Segregation section of the Suffolk County Correctional Center. Prior to this assault, plaintiff had repeatedly informed corrections officials that he was the subject of death threats by other inmates at said facility. Despite repeated assurances, plaintiff was not transferred to the Nassau County Correctional Facility until October 25, 2007, the day following the assault. As a result of this assault, plaintiff suffered a left orbital fracture, severe swelling, disfigurement and loss of sensation.

    B.    Defendants Claims and Defenses

At trial the defendants will contend that the Complaint fails to state a claim upon which relief can be granted.

The defendants will further contend that to the extent that the complaint purports to set forth any claim premised upon the alleged tortuous acts or omissions of the Suffolk County Sheriff, the County of Suffolk is not, and may not be held liable.

The defendants will contend that the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct; that the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim; that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of

plaintiff's constitutional rights; that no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

That municipal defendants are not liable for punitive damage awards.

That this Court lacks subject matter jurisdiction.

The defendants will further contend that the defendants' action, if any were justified by the facts and circumstances presented; that the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities; that defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials; that defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

There is no viable constitutional claim stated or which can be proven against the municipal defendant. The evidence listed in this Joint Pre-Trial Order indicates that there is no viable <u>Monell</u> claim that can be asserted and that the evidence is insufficient as a matter of law to support any purported <u>Monell</u> claim against the foregoing municipal defendant. No such evidence exists because there was no constitutional violation in this action and there was no unconstitutional policy, practice or custom that allegedly caused the plaintiff's alleged injuries.

In addition, the defendants will contend that the County of Suffolk cannot be held liable for this isolated alleged incident under 42 U.S.C. §1983. The defendants will contend that the plaintiff cannot establish a claim upon which relief can be granted under 42 U.S.C. §1983, as

against defendant County of Suffolk, because there is no liability against the individual defendants.  Nor was there any evidence of unconstitutional policy causing plaintiff any cognizable injury.

The individual defendants will contend that they are entitled to judgment in their favor on the basis of absolute and/or qualified Federal and/or State immunity and that this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

The defendants contend that this claim is barred by the provisions of 42 USC §1997.

5.     The case is to be tried before a jury. The trial is expected to last approximately three days plus jury selection.

6.     The parties have not consented to a trial by a magistrate judge.

7.     Plaintiff's fact witnesses:

        Plaintiff Kyle Hartry;

        Sgt. Steven Lunquist;

        C.O. William Survila;

        Investigator Victoria McCarrick;

Plaintiff's expert witnesses:

The plaintiff has not yet retained a medical expert in this action. The plaintiff reserves the right, however, to call any physicians who were involved with the care and treatment of plaintiff following the subject incident, and/or who may evaluate plaintiff upon his release from State custody in September 2010. Plaintiff also reserves the right to call any witness named by the defendants.  All witnesses are expected to testify in person.

Defendants Fact Witnesses:

The defendants reserve their right to offer the relevant and admissible testimony of any and all witnesses identified by the plaintiff, whether or not the plaintiff actually calls such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

In addition to the parties the defendants anticipate calling the following witnesses:

      Corrections Officer Investigator Victoria McCarick

      Corrections Officer Investigator Peter Cherouvis

      Corrections Officer William Survilla

The defendants further reserve their right to use such additional and unidentified witnesses for impeachment purposes and/or as may be warranted in response to the plaintiff's direct case as the need arises. See FRCP Rule 26(d)(3).

The plaintiff has indicated a desire to call an expert witness relating to the nature of the plaintiff's injuries. The defendants do not object to this testimony subject to the plaintiff complying with FRCP Rule 26 (a)(2).

## LIST OF DEPOSITIONS

8.    A. Plaintiff's Use of Depositions at Trial:

The deposition transcripts of Sgt. Lunquist, Detective Vince Daly, C.O. William Survila and Investigator Victoria McCarrick may be used for impeachment purposes. The deposition transcript of Detective Vince Daly may be read into the record as part of plaintiff's case-in-chief.

B.  Defendants Use of Depositions at Trial:

The defendants reserve the right to use deposition testimony of the plaintiff on their case in chief and for the purpose of impeachment.

PROPOSED EXHIBITS

9.  A. Plaintiff's Proposed Exhibits:

Any and all Suffolk County Correctional Facility paperwork involving the subject incident and/or Kyle Hartry.

Request for Protective Custody Form dated 9/19/07.

Substitute Jail Order Request form dated 10/25/07.

Suffolk County Jail Tier Log Book Entries Relating to Kyle Hartry.

Medical Records relating to plaintiff's treatment after the subject incident;

Hospital records from Peconic Bay Medical Center.

Photographs of the Plaintiff.

Inmate Identification Audit for inmate Vincent Dalton.

Photographs of incident location.

Diagram of incident location.

The plaintiff reserves the right to introduce any document identified by the defendants.

The defendants reserve their right to offer into evidence any and all relevant and admissible exhibits, and all portions thereof, previously identified by the plaintiffs whether or not the plaintiff actually offers such exhibits. (Said exhibits are hereby incorporated by reference.)

B. Defendants' Proposed Exhibits:

The defendants may also offer the following additional exhibits:

Summons and Complaint;

7

    Notice of Claim;

    Suffolk County Sheriff's Office Incident report dated 10/24/07;

    Suffolk County Jail Records for Kyle Hartry including but not limited to Inmate Identification Audit; Classification Questionnaire Receipt; Request for Protective Custody; Substitute Jail Order Request form dated 10/25/07; and prior disciplinary paperwork relating to Kyle Hartry.*

    Suffolk County Jail Tier Log Book Entries Relating to Kyle Hartry.

    Suffolk County Jail Medical Records for Kyle Hartry.

    Photographs of the Plaintiff.

    Inmate Identification Audit for inmate Vincent Dalton.

    Photographs of incident location.

    Diagram of incident location.

Defendants further reserve the right to object to Plaintiff's exhibits at trial.

Defendants further reserve the right to amend their proposed schedules in response to the plaintiff's schedules.

DATED:  Hauppauge, New York
          June 24, 2010

                              Yours, etc.

                              JON L. NORINSBERG, ESQ. (JN-2133)
                              Attorney for the Plaintiff
                              225 Broadway, Suite 2700
                              New York, New York 10007
                              Telephone: (212)791-5396
                              Fax: (212)406-6890

                        By:        /S/_____
                              Jon L. Norinsberg, Esq. (JN-2133)

                CHRISTINE MALAFI
                Suffolk County Attorney
                Attorney for Defendants
                P.O. Box 6100
                Hauppauge, New York 11788-0099
                (631) 853-5678

By:    _____/S/_____
                Brian C. Mitchell/ BM-1649
                Assistant County Attorney