UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KYLE HARTRY,

                          Plaintiff,                          **PLAINTIFF'S LOCAL**
                                                              **RULE 56.1 STATEMENT**

                                                               08 CV 3725 (ADS)(ETB)

      -against-

COUNTY OF SUFFOLK, SGT. "JOHN" LUNQUIST,
Individually and in his Official Capacity, DET. VINCE DALY,
Individually and in his Official Capacity and C.O. "JOHN DOE"
and C.O. "JANE DOE"#1-10, Individually and in their Official
Capacities, (the name John Doe being fictitious, as the true names
are presently unknown),

                          Defendants.
-------------------------------------------------------------------X

       Pursuant to Local Rule 56.1(b) of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, plaintiff Kyle Hartry submits the following statement of material facts as to which plaintiff contends there exists a genuine issue to be tried:

       1.       Whether or not Sgt. Lunquist exhibited a deliberate indifference toward the safety of plaintiff Kyle Hartry where: (1) defendant Lunquist *knew* that plaintiff was considered to be a "snitch" by other inmates at SCCF; (2) defendant Lunquist *knew* that "a copy of the statement [that plaintiff had written against another inmate] has been passed around the facility, *posing a threat to Inmate Hartry's safety*"; (3) defendant Lunquist *knew* that, as a result of this statement, *"Hartry has been labeled a rat and received death threats ..."*; (4) defendant Lunquist *knew* that plaintiff's cooperation with law enforcement had become *"well known throughout the jail."*; (5) defendant Lunquist has stated publicly that *"the worst thing* you can be [in jail] is a snitch"; (6) defendant Lunquist had received <u>10 to 20</u> phone calls from plaintiff regarding his safety in the six weeks prior to the assault; (7) notwithstanding these facts, defendant Lunquist failed to fill out a substitute jail

order ("SJO"), which would have transferred plaintiff to another jail facility; (8) it would have taken Sgt. Lunquist only *ten minutes* to fill out an SJO, which he does on average five to ten times a year; and (9) only *after* plaintiff was viciously assaulted by another inmate for being a snitch was an SJO filled out by Sgt. Lunquist.(See Plaintiff's Memorandum of Law, Point I[1]).

2. Whether or not plaintiff's defendant Lunquist should be estopped from arguing that Section1983 claims are barred by the Prisoner Reform Litigation Act ("PRLA"), where defendant Lunquist repeatedly assured plaintiff that he was going to be transferred to another prison prior to the assault, and plaintiff relied on these representations to his detriment. (See Plaintiff's Memorandum of Law, Point II(a)).

3. Whether or not there are "special circumstances", as recognized by the Second Circuit, which militate against enforcing the exhaustion requirement of PRLA, where plaintiff was transferred to another jail facility the day after the attack, and there was no longer any reason for plaintiff to file a grievance once he had been moved from SCCF .(See Plaintiff's Memorandum of Law, Point II(b)).

4. Whether or not defendants have met the "high threshold" required under New York law to establish that there is "only one conclusion that can be drawn from the undisputed facts: that as a matter of law injury to [plaintiff] was not reasonably forseeable", so as to preclude plaintiff's state law negligence claim, where defendants had actual notice of multiple and repeated violent threats against plaintiff Kyle Hartry, but failed to take adequate measures to protect his safety. (See Plaintiff's Memorandum of Law, Point III).

---

[1]To avoid needless repetition, the same evidentiary citations which are included in Plaintiff's Memorandum of Law are incorporated by reference herein.

For the reasons set forth above, plaintiff respectfully requests that the Court deny defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in its entirety.

Dated: New York, New York
September 29, 2010

                                              JON L. NORINSBERG  (JN-2133)
                                              Attorney for Plaintiff
                                              225 Broadway, Suite 2700
                                              New York, NY 10007
                                              (212) 791-5396