UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---

BCM-1469

KYLE HARTRY,

                               Plaintiff,

                                                                        CV08-3725(ADS)(ETB)

            -against-

COUNTY OF SUFFOLK, SGT. "JOHN"
LUNQUIS, Individually and in his Official
Capacity, DET. VINCE DALY, Individually and
in his Official Capacity and C.O. "JOHN DOE"
and C.O. 'JANE DOE'#1-10, Individually and in
their Official Capacities, (the name John Doe
being fictitious, as the true names are presently
unknown),

                               Defendants.
---

**DEFENDANTS STEVEN LUNDQUIST AND COUNTY OF SUFFOLK'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
PURSUANT TO RULE 56**

**Dated: Hauppauge, New York**    Yours, etc.
       **October 7, 2010**

                                **CHRISTINE MALAFI**
                                **SUFFOLK COUNTY ATTORNEY**
                                **Attorney for Defendants,**
                                **H. Lee Dennison Building**
                                **100 Veterans Memorial Highway**
                                **P.O. Box 6100**
                                **Hauppauge, New York 11788**
                                **Brian C. Mitchell**
                                **Assistant County Attorney**

**PRELIMINARY STATEMENT**

Defendants Steven Lundquist and the County of Suffolk ("the County"), defendants in this §1983 civil rights action, submit this memorandum of law in reply to the plaintiff's opposition to the defendants' motion for summary judgment dismissing the complaint ("the complaint") filed by the plaintiff Kyle Hartry.

This case arises out of an incident that occurred on October 24, 2007 while the plaintiff was incarcerated at the Suffolk County Jail. The plaintiff claims that on that date he was attacked by another inmate and suffered injuries to his left eye and face. It is the contention of the plaintiff that he was attacked because he was cooperating with law enforcement authorities in an ongoing homicide investigation. The plaintiff claims that the defendants failed to protect him from harm and exhibited a deliberate indifference to his health safety and welfare thereby violating his constitutional rights. Specifically the plaintiff claims that he should have been moved out of the Suffolk County Jail entirely, and that the efforts made by the defendants were inadequate.

In opposition to the defendants' motion for summary judgment the plaintiff essentially argues that because he was not in fact transferred out of the Suffolk County Jail altogether that the defendants were deliberately indifferent to a risk of harm to the plaintiff and thereby violated his constitutional rights. The plaintiff marshals a series of facts which he claims support knowledge on the part of Defendant Sergeant Steven Lundquist as to a serious risk of harm faced by the plaintiff. However, the plaintiff fails to put forth any argument to rebut the true issue in an analysis of the conduct of prison

1

officials in protecting an inmate from harm, that being whether the officials disregarded that risk by failing to take reasonable measures to abate the harm.

The plaintiff also suggests that the provisions of the Prisoner Reform Litigation Act should not apply in the instant matter because the plaintiff relied upon representations from the defendants that he was going to be transferred, and as such the defendants should be estopped from raising the plaintiff's failure to exhaust as a defense. However, the plaintiff admits that he never filed any grievance at all regarding the decision by the defendants to protect him from harm through methods available within the Suffolk County Jail, and asserts not that he acquiesced in that decision without further complaint, but rather that he continued to make demands that he be moved out of the prison. Clearly the plaintiff was dissatisfied with the efforts taken to protect him from harm but took no steps to address his dissatisfaction through the administrative process at the jail. Accordingly, he did not comply with the provisions of the PLRA and the claim should be dismissed.

In response to the defendants request to dismiss the pendant State negligence claim against the defendants, the plaintiff reasserts the various facts that he says provided notice to the defendants that he faced a risk of harm. Conspicuously missing from the plaintiff's argument in response is that once the plaintiff was moved after the last tangible threat to the plaintiff, a period of 26 days elapsed in which he was subjected to no threats of harm of any kind. This period of attenuation in which the plaintiff received no direct threats or was physically harmed is evidence that the risk of harm to the plaintiff had diminished significantly and that the eventual "attack" could not have been reasonably foreseen.

2

Lastly, the plaintiff has put forth no argument in opposition to the defendants' submission that Sergeant Lundquist is entitled to qualified immunity and accordingly the claims against him should be dismissed. In the absence of any form of rebuttal the defendants refer the Court to our original moving papers wherein we clearly set forth the grounds establishing that Sergeant Lundquist's conduct was not objectively unreasonable and accordingly he is entitled to qualified immunity and the claims against him under §1983 should be dismissed

## POINT I

## THE DEFENDANTS TOOK REASONABLE MEASURES TO PROTECT THE PLAINTIFF FROM HARM

In opposition to the defendants' motion for summary judgment the plaintiff essentially argues that because he was not in fact transferred out of the Suffolk County Jail altogether that the defendants were deliberately indifferent to a risk of harm to the plaintiff and thereby violated his constitutional rights. The plaintiff marshals a series of facts which he claims support knowledge on the part of Defendant Sergeant Steven Lundquist as to a serious risk of harm faced by the plaintiff. (Plaintiff's Memorandum in Opposition Pg. 10). However, while the facts may support a claim that Sergeant Lundquist had knowledge at some time of a risk of harm to the plaintiff, they fail to rebut the true issue in an analysis of the conduct of prison officials in protecting an inmate from harm, that being whether the officials disregarded that risk by failing to take reasonable measures to abate the harm.

As stated in our original memorandum of law, the test for deliberate indifference is twofold. First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. Hayes, *supra, citing* Farmer, 511 U.S. at 831, 114 S.Ct. at 1977. The second prong of the deliberate indifference test, culpable intent, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and *he disregards that risk by failing to take reasonable measures to abate the harm.* Hayes, 84 F.3d at 620 (emphasis added).

The defendants submit that at the time of the purported "attack" upon him that he no longer faced a substantial risk of harm. Notwithstanding, even assuming that the plaintiff faced a substantial risk of harm, it is the conduct of the defendants that was taken in response to the claimed known risk that is to be examined in determining whether the measures taken to protect the plaintiff were reasonable. The defendants submit that at all times the actions taken to protect the plaintiff from harm were reasonable as a matter of law.

Each time the plaintiff complained of a threat to Jail Officials, action was taken by those persons for the purpose of ensuring the continued safety and welfare of the plaintiff in direct response to his claim of having being threatened. No defendant ever exhibited wantonness or acted with reckless disregard for his safety at any time. As previously stated, the fact that the plaintiff remained in custody for the next 26 days without incident is further evidence that the measures taken to abate the risk of harm to the plaintiff were reasonable. The standard to be applied is whether the measures taken

4

to abate the harm were *reasonable* under the circumstances, not that they were adequate or completely successful in their purpose. The defendants respectfully submit that the plaintiff cannot put forth sufficient evidence to establish that the measures taken were not reasonable and as such can raise no genuine issue of fact and his claim should be dismissed.

## POINT II

### PLAINTIFF FAILED TO EXHAUST ALL AVAILABLE ADMINISTRATIVE REMEDIES UNDER THE PRISON LITIGATION REFORM ACT AND THE DEFENDANTS SHOULD NOT BE ESTOPPED FROM RAISING THE DEFENSE

The plaintiff also suggests that the provisions of the Prison Litigation Reform Act should not apply in the instant matter because the plaintiff relied upon representations from the defendants that he was going to be transferred, and as such the defendants should be estopped from raising the plaintiff's failure to exhaust as a defense. However, the plaintiff admits that he never filed any grievance at all regarding the decision by the defendants to protect him from harm through methods available within the Suffolk County Jail, and asserts not that he acquiesced in that decision without further complaint, but rather that he continued to make demands that he be moved out of the prison. (Please see Plaintiff Memorandum in Opposition Pg. 5). Clearly the plaintiff was dissatisfied with the efforts taken to protect him from harm but took no steps to address his dissatisfaction through the administrative process at the jail. Also, the plaintiff only claims that he relied upon the purported representations of Sergeant Lundquist in choosing not to file a grievance. Significantly, however, the plaintiff does not claim that he was ever threatened or inhibited or prevented from making a formal complaint or filing a grievance. See, Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004)

(plaintiff prisoner subjected to verbal and physical threats by prison officials if he filed a formal complaint or grievance); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (inmate prevented from exhausting administrative remedies through beatings, threats and denial of grievance forms).

Here the plaintiff claims the opposite; that he didn't file a grievance because he was satisfied with the response he received from Sergeant Lundquist. Notwithstanding this claim of satisfaction, the plaintiff continued to demand and complain to Lundquist that he wanted to be moved out of the jail and that he wasn't being adequately protected. This is the exact basis for his claim in the instant action. Where a prisoner alleges that the conduct of the defendants resulted in his injuries because of their alleged failure to protect him, the prisoner is required to file a grievance, pursuant to the facility procedure, at the time of the act or occurrence giving rise to the alleged deprivation of his constitutional rights. Woodford v. Ngo, 548 U,S, 81, 126 S. Ct. 2378 (2006); Veloz v. New York, 339 F. Supp. 2d 505 (S.D.N.Y. 2004) aff'd 178 Fed. Appx. 39 (2d Cir. 2006). It is disingenuous for the plaintiff to now claim that he wasn't concerned about being transferred out of the jail in order to defeat the application of PLRA defense.

Nor does the Court need to examine the plaintiff's claim of "special circumstances". As stated in our original moving papers, the act or occurrence that gave rise to the plaintiff's claim manifested itself at the latest on September 28, 2007 when he was moved within the jail after the alleged threat to him by the inmate with the sharpened spoon. It was on this date that his obligation to file a grievance accrued, and his dissatisfaction with the denial of his requests to be transferred out of the Jail thereby

6

resulting in a failure to offer him adequate protection should have been voiced within five days of that date through the grievance process. For these reasons, the plaintiff's claim is barred by the Prison Litigation Reform Act and the claim should be dismissed.

## POINT III

### THE ACTS PERPETRATED AGAINST THE PLAINTIFF WERE NOT REASONABLY FORESEEABLE SINCE THE PLAINTIF HAD BEEN CONFINED WITHOUT INCIDENT FOR TWENTY SIX DAYS

In response to the defendants request to dismiss the pendant State negligence claim against the defendants, the plaintiff reasserts the various facts in his response to the federal claims that he says provided notice to the defendants that he faced a risk of harm. Conspicuously missing from the plaintiff's argument in response is that once the plaintiff was moved after the last tangible threat to the plaintiff, a period of 26 days elapsed in which he was subjected to no threats of harm of any kind. This period of attenuation in which the plaintiff received no direct threats or was physically harmed is evidence that the risk of harm to the plaintiff had diminished significantly and that the eventual "attack" could not have been reasonably foreseen.

The last tangible threat to the plaintiff prior to October 24, 2007 occurred on September 28, 2007. Throughout the twenty six day period in between, the plaintiff experienced no direct threats and was involved in no physical altercations of any kind. Subsequent to the events of September 28, 2007 additional measures were taken to protect the plaintiff. On October 24, 2007, these protections had been in place for over three and a half weeks and were up to that point successful. It would be entirely reasonable for the jail personnel to believe on that date that the plaintiff was no longer subjected to the level of risk of harm that he may have been weeks before. As such, the

7

credible evidence supports that the unprovoked and sudden attack upon the plaintiff was not reasonably foreseeable as a matter of law and the claims of negligence should be dismissed.

## POINT IV

### SERGEANT LUNDQUIST IS ENTITLED TO QUALIFIED IMMUNITY

Perhaps recognizing that there is no sufficient response, the plaintiff has put forth no argument in opposition to the defendants' submission that Sergeant Lundquist is entitled to qualified immunity and accordingly the claims against him should be dismissed. In the absence of any form of rebuttal the defendants refer the Court to our original moving papers wherein we clearly set forth the grounds establishing that Sergeant Lundquist's conduct was not objectively unreasonable. As stated previously, Sergeant Lundquist believed that the measures he was taking to protect the plaintiff would be sufficient and as such it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act. The very fact that the measures were taken to protect the plaintiff and in direct response to the plaintiff's complaints supports the conclusion that his actions were not objectively unreasonable. Nor can it be said that his conduct was plainly incompetent or designed to violate the plaintiff's rights. Accordingly, Sergeant Lundquist is entitled to qualified immunity and the claims against him under §1983 should be dismissed.

## CONCLUSION

Based upon the foregoing, the motion of defendants Steven Lundquist and the County of Suffolk pursuant to Rule 56 (b) for summary judgment dismissing the complaint should be granted.

Dated: Hauppauge, New York  
October 7, 2010

Yours, etc.

CHRISTINE MALAFI  
SUFFOLK COUNTY ATTORNEY  
Attorney for Defendants  
H. Lee Dennison Building  
100 Veterans Memorial Hwy  
P.O. Box 6100  
Hauppauge, New York  11788

By: _____  
Brian C. Mitchell/BCM-1469  
Assistant County Attorney